Locke, Judge,
 

 delivered the opinion of the Court:
 

 It is intended, by the question arising upon this demurrer, to ascertain whether the act of Assembly, increasing the jurisdiction of a justice of the peace to the sum of thirty pounds, bo inconsistent with the provisions
 
 *44
 
 of the Constitution, os.* not $ and to shew that it is, the 14th section of the Bill of Rights is relied upon. This sccj.j[on declares, “ that in all controversies at Law respecting property, the ancient mode of trial by. Jury is one of the best, securities of the' rights of the people, and ought to remain sacred and inviolable.” It is alleged, that at the time this Declaration of Rights was made, a justice of the peace had jurisdiction of sums only to the amount of forty shillings sterling, and that all the acts passed by the Legislature since that period, increasing the jurisdiction of a justice, are inconsistent and incompatible with this clause in. the Declaration of Rights.
 

 It must be admitted, that if, upon a fair examination of these several acts, they should be found incompatible with this or any other provisional’ the Constitution, it would be tire duty of this Court at once to declare such acts void, and pronounce judgment for the Defendant. Otherwise to decide for the Plaintiff.
 

 When the Convention declared that the ancient mode of trial by Jury should be preserved, no restriction was thereby laid on the Legislature as to erecting or organizing judicial tribunals, in such manner as might be most conducive to the public convenience and interest, on a change of circumstances affected by a variety of causes. It is true, that the Legislature cannot impose any provisions substantially restrictive of the trial by Jury : they may give existence to new Forums ; they may modify the powers and jurisdiction of former Courts, in such instances as are not interdicted by the Constitution, from which their legitimate power is derived : but still the sacred right of every citizen, of having a trial by Jury, must be preserved. These remarks lead us to enquire, whether the several acts passed by the Legislature, increasing a justice’s jurisdiction, have taken from the citizen this right, or not ?
 

 At the time the Constitution was formed, it must have been well known to the framers of that instrument, that
 
 *45
 
 a justice of the peace had jurisdiction ©ver sums of forty shillings sterling and uridér ,* and that too without the intervention of a Jury. Did they mean, by the 14th section of the Declaration of Rights, entirely to destroy this jurisdiction, and have the benefit of the trial by Jury, in the first instance, in every possible case, ? Or did they intend, that when property came in question, (which was always tried in a Court of Justice by a Jury) this ancient and beneficial mode of trial should still be preserved ? It appears to the Court that the latter was /the object for which they intended to make provision. The Legislature has also given to either party the right of appealing to a Court, where he will have the benefit of a trial by Jury. It cannot, therefore, be said, that the right of such trial is taken away. So long as the trial by Jury is preserved through an appeal, the preliminary mode of obtaining it may be varied at the, will and pleasure of the Legislature. The party wishirig^fo appeal may be subjected to some inconvenience in getting security, but this inconvenience does not in this, no,? in any other case where security is required, amount to a denial of right. In conformity with the opinion here given, is the case of
 
 Emerick
 
 v.
 
 Harris,
 
 (1
 
 Binney’s Rep,
 
 416,) decided in the Supreme Court of Pennsylvania, where the provision in the Constitution is the same, and where the jurisdiction of a justice of the peace has been gradually increáscd. The Court, therefore, cannot view this as a case which will warrant the Judiciary to exercise an act of such paramount and delicate authority as to interfere with the act of the Legislature.
 

 Let the demurrer be sustained, and plea in abatement be overruled.